Eastern District of Kentucky
**F I L E D**

APR 0 1 2022

At PIKEVILLE
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## PIKEVILLE

**CRIMINAL ACTION NO. 7:21-CR-15-REW-2**

**UNITED STATES OF AMERICA**                                      **PLAINTIFF**

**V.**                                  **PLEA AGREEMENT**

**KYLER R. SULLIVAN**                                      **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 1 and 3 of the Indictment, charging one violation of 18 U.S.C. § 1028(f), conspiracy to unlawfully transfer, possess, and use a means of identification, and one violation of 18 U.S.C. § 1343, wire fraud. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count 2, the only other Count relevant to this Defendant on the Indictment.

2. The essential elements of Count 1 are:

(a) The Defendant knowingly and intentionally agreed with another person to commit:

      (i)     A violation of 18 U.S.C. 1028(a)(7)(c) that is, to knowingly transfer, possess, or use, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, that is, to steal government funds, a violation of 18 U.S.C. § 641; and, the transfer, possession, or use of the means of identification was in or affected interstate or foreign commerce, and

(b) The defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

(c)  One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

3.  The essential elements of Count 3 is:

(a)  The Defendant devised a scheme to defraud in order to obtain money or property by materially false or fraudulent pretenses, representations or promises;

(b)  The Defendant acted with the intent to defraud; and

(c)  That in advancing, furthering, or carrying out the scheme, the Defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

4.  As to Counts 1 and 3, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

(a)  At all relevant times, the Defendant was a resident of Letcher County, Kentucky, located in the Eastern District of Kentucky and all relevant conduct occurred in the Eastern District of Kentucky.

(b)  At all relevant times, the Defendant knew the Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for enforcing and administering the tax laws of the United States and collecting taxes owed to the United States. Taxpayers had the option of either mailing their federal income tax returns to the IRS or filing their tax returns electronically ("E-File").

(c)  The Defendant knew the Coronavirus Aid, Relief, and Economic Security ("CARES") Act authorized Economic Impact Payments ("EIP") for qualifying Americans. Taxpayers with lower income had no filing obligations but could provide, among other information, their full name, address, date of birth, and a valid Social Security number through the IRS's non-filer online portal to collect a refund. The refund check would be mailed to the taxpayer's residence, or a refund could be directly deposited in a bank account by entering bank routing and account information into the IRS's online portal.

2

(d)  Beginning on or about April 23, 2020 to on or about June 3, 2020, near Letcher County, Kentucky, the Defendant knowingly and intentionally agreed, along with Madison L. Balo, to unlawfully transfer, possess, and use T.C.s name, social security number, and birth date, under the guise of helping T.C. collect an EIP from the IRS by using his means of identification to request the payment. The Defendant knew Madison L. Balo entered T.C.'s means of identification into the federal online portal but then directed the deposit of T.C.'s EIP funds into her own personal bank account. Madison L. Balo received T.C.'s $1,200 EIP and spent it without T.C's permission or knowledge for her own personal benefit and the benefit of the Defendant.

(e)  At all relevant times, the Defendant knew the $1,200 EIP belonged to the United States Department of Treasury, IRS, and that T.C. was specifically entitled to this money.  The Defendant and Madison L. Balo combined to unlawfully convert this EIP to their own use.

(f)  The United States Small Business Administration (SBA) provides support to small businesses. The Defendant understands the SBA is headquartered in Washington, DC and maintains its computer servers outside of the state of Kentucky.  The CARES Act became law in early 2020 and established several new programs including providing Economic Injury Disaster Loans ("EIDL") for small businesses. The defendant entered multiple EIDL applications online and certified that the information provided was accurate with the knowledge she had entered false material information.  She did this despite being warned that any false statement or misrepresentation to the SBA could result in criminal penalties.

(g)  On or about May 20, 2020, the Defendant provided information to Madison L. Balo to enter EIDL application 3000198770 on his behalf to unjustly obtain a loan from the SBA pursuant to the CARES Act. The Defendant did so with the knowledge that Madison L. Balo intended to use it to defraud and obtain monies from the SBA by entering materially false and fraudulent information on his behalf. The Defendant and Madison L. Balo used the SBA online portal to prepare and electronically submit fraudulent applications for an EIDL loan, making false statements about the business, all of which were transmitted in interstate commerce from the Eastern District of Kentucky to the SBA. The Defendant falsely claimed he had a business with a gross revenue of $9,000, costs of goods sold of $12,000, and lost rental value for the business of $3,000.  In this instance the maximum amount of money that could have been received was $3,000 and the maximum loan advance would have been $2,000 based upon the number of employees the Defendant listed in the application. The Defendant's application submission

involved numerous interstate wires. The Defendant acted with the intent to defraud, knowing material representations contained in the application were false.

(h) The Defendant's EIDL application scheme was unsuccessful and neither he nor Madison L. Balo received any financial benefit from it.

5. The statutory punishment for Count 1 is imprisonment for not more than 15 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years The statutory punishment for Count 3 is imprisonment for not more than 20 years, a fine of not more than $250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 per count applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) United States Sentencing Guidelines (U.S.S.G.), August 1, 2021, manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes stealing government funds to which T.C. was entitled by conspiring to use T.C.'s personal identifying information unlawfully and submitting a false EIDL application seeking a loan from the SBA.

(c) Pursuant to U.S.S.G. § 2B1.1(a)(1), the base offense level is 7.

(d) Pursuant to U.S.S.G. § 2B1.1(b)(1)(D), no increase to the offense level is warranted.

(e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will

4

move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

    (f)  Pursuant to U.S.S.G. § 5E1.1, restitution is $1,200, and the victim is T.C.

7.  No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8.  The Defendant agrees T.C. qualifies as a victim under 18 U.S.C. § 3663A(c)(1)(B).

9. The Defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

10.  The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

11. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

12.  The United States will recommend releasing the Defendant on the current conditions for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

13.    The Defendant agrees to the imposition of a forfeiture money judgment representing the proceeds obtained by the Defendant as a result of the offense in the amount of $1,200.  The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense, as set out in the forfeiture allegation of the Indictment.  The Defendant agrees the money judgment is separate from any restitution order entered by the Court.  The Defendant waives any and all timing and notice provisions under Rule 32.2.

14.    The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure.  Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement.  The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination.  The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office.  If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.  If the Defendant fails to comply with any of the

6

provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

15.   The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States.  If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.  The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset.  The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

16.   If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

7

17.   This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant.  The United States has not made any other promises to the Defendant.

18.   This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

19.   The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: _____      By:   /s/ _____
                                   Tashena A. Fannin
                                   Assistant United States Attorney

Date: 4 - 1 - 22             _____
                             Kyler R. Sullivan
                             Defendant

Date: 4 - 1 - 22             _____
                             Andy Markelonis
                             Attorney for Defendant

8